## IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

2007 NOV -2  P 4:19

DEBRA P. HACKETT, CLK
MIDDLE DISTRICT ALA.

| | |
|---|---|
| DeShaun Carter, Shonita Ford, Tarrence Gordon, Donald Hawthorne, Kerry Hawthorne, Dana Hooper, Larry Osborne, Barry Reynolds ) ) ) ) ) ) | |

Civil Action No.

2:07CV 988 - WKW

Plaintiffs,

**Jury Trial Demanded**

vs.

Daehan Solutions ,

Defendant

## COMPLAINT

### I.    INTRODUCTION

This action is brought to redress a continuous pattern and practice of employment discrimination based on race, a racially hostile working environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, § 704(a) of Title VII and 42 U.S.C. § 1981 and 1981 (a) . Plaintiffs allege a continuing violation of Title VII of the "Civil Rights Act of 1964," 42 U.S.C. §2000e et seq., as amended, by the "Civil Rights Act of

1991 and 42 U.S.C. § 1981 and 1981 (a). The Plaintiff requests a trial by jury of all issues triable to a jury.

## II.   JURISDICTION

1.   The jurisdiction of this Court is invoked by the plaintiffs pursuant to 28 U.S.C. §§1331, 1343(4) and 28 U.S.C. §§2201 and 2202. This suit is authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1866," 42 U.S.C. § 2000e et seq., Title VII, the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981, and 1981 (a).

2.   Most of the acts occurred Montgomery County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

## III.   ADMINISTRATIVE EXHAUSTION

3.   Plaintiffs, Shonita Ford, Terrance Gordon, Kerry Hawthorne, Donald Hawthorne, Dana Hooper, Larry Osborne, and Barry Reynolds have received their Notices of Right-To-Sue from the Justice Department. The EEOC issued a cause determination that the Plaintiffs were subjected to a hostile working environment.

4.   Plaintiffs, Shonita Ford, Terrance Gordon, Kerry Hawthorne, Donald Hawthorne, Dana Hooper, Larry Osborne, and Barry Reynolds have fulfilled all conditions precedent to the institution of this action under Title VII of the

Act of Congress known as the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, 42 U.S.C § 2000 et seq.

5.      Plaintiffs timely filed this action within ninety (90) days of the receipt of their Notices of Rights to Sue pursuant to Title VII.

6.      All Plaintiffs, have timely filed their claims under 42 U.S.C. § 1981 within the four-year statute of limitations set forth by 28 U.S.C. § 1658.

**IV.      PARTIES**

**A.      PLAINTIFFS**

7.      Plaintiff DeShaun Carter is an African American citizen of the United States and a resident of the state of Alabama. Carter was employed with Daehan Solutions (hereinafter "Daehan" or "Defendant"). Carter is a person aggrieved as defined by the statute.

8.      Plaintiff Shonita Ford is an African American citizen of the United States and a resident of the state of Alabama. Ford has been employed with Daehan from August 8, 2004 to present. Ford is currently a production associate. Ford is a person aggrieved as defined by the statute.

9.      Plaintiff Tarrence Gordon is an African American citizen of the United States and a resident of the state of Alabama. Plaintiff Gordon was employed with Daehan  and worked as a production assembly laborer. The plaintiff is a person aggrieved as defined by the statute.

10.     Plaintiff Donald Hawthorne is an African American citizen of the United States and a resident of the state of Alabama. Plaintiff Hawthorne was employed with Daehan from January 24, 2005 to January 21, 2006. The plaintiff is currently a person aggrieved as defined by the statute.

11.     Plaintiff Kerry Hawthorne is an African American citizen of the United States and a resident of the state of Alabama. The plaintiff was employed with Daehan  from May 19, 2005 to January 24 2006. Plaintiff Hawthorne is currently a person aggrieved as defined by the statute.

12.     Plaintiff Dana Hooper is an African American citizen of the United States and a resident of the state of Alabama. The plaintiff was employed with Daehan in the production department. The plaintiff is a person aggrieved as defined by the statute.

13.     Plaintiff Larry Osborne is an African American citizen of the United States and a resident of the state of Alabama. Plaintiff Osborne was employed with Daehan. Plaintiff Osborne is a person aggrieved as defined by the statute.

14.     Plaintiff Barry Reynolds is an African American citizen of the United States and a resident of the state of Alabama. The plaintiff was

employed with Daehan as a maintenance mechanic. The plaintiff is a person aggrieved as defined by the statute.

**B.        DEFENDANTS**

15.        Daehan Solution, (hereinafter "Daehan" or "Defendant") is a corporate entity which is organized and exists under the laws of the State of Alabama.  Defendant is an "employer" within the meaning of § 701(b) of Title VII in that, during all times material to the averments of this complaint, it has engaged in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII. Daehan Solutions' principal place of business is in Hope Hull, Alabama.

## V.  STATEMENT OF FACTS

**DeShaun Carter**

16.        Plaintiff DeShaun Carter re-alleges and incorporates by reference paragraphs 1-15 with the same force and effect as if fully set out in specific detail hereinbelow.

17.        Plaintiff Carter has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in

violation 42 U.S.C. § 1981, § 1981(a) , and Title VII of the Civil Rights

Act of 1964, as amended by the Civil Rights Act of 1991.

18.      Plaintiff Carter believes that he was discriminated against by

the general manager of human resources, Rick Garrett. Mr. Garrett

discriminated against Plaintiff Carter and other African Americans by

denying them pay raises, promotions, and demoting them to lower paying

jobs. Upon information and belief, Rick Garrett has a pattern of

discrimination against African Americans employees and created a hostile

working environment. For example, Garrett was the manager at another

local manufacturing plant, Hager Hinge, where he was the human resource

manager when African American employees complained about a racially

hostile working environment. Plaintiffs further alleged that as human

resource manager, Garrett failed to take any action to stop the racial

harassment.

19.      Plaintiff was subjected to a racially hostile environment in

violation of Title VII of the Civil Rights Act of 1964, as amended by the

Civil Rights Act of 1991. Plaintiff Carter and the other plaintiffs observed

white co-workers wearing T-shirts with rebel flags printed on them without

consequences from the defendant. Further, Daehan employees observed a

rebel flag being flown in James Savelle's lawn while driving to and from

work. Mr. Savelle is the plant production manager and his home is located down the street from the plant.

20.	Plaintiff Carter worked from June 7, 2005 until January 31, 2006. The plaintiff worked in the hot press room.

**Shonita Ford**

21.	Plaintiff Ford re-alleges and incorporates by reference paragraphs 1-20 with the same force and effect as if fully set out in specific detail hereinbelow.

22.	Plaintiff Ford has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

23.	Plaintiff Ford became employed with Daehan on August 8, 2004 as quality control specialist. Plaintiff Ford was one of two African Americans employed as a quality control specialist in December of 2005.

24.	Plaintiff Ford and the other African American quality control specialist were both demoted to production associates and replaced with two white males.

25.      Plaintiff Ford believes that she was discriminated against by the general manager of human resources, Rick Garrett. Mr. Garrett discriminated against Plaintiff Ford and other African Americans by denying them pay raises, promotions, and demoting them to lower paying jobs. Upon information and belief, Rick Garrett has a pattern of discrimination against African Americans employees and created a hostile working environment. For example, Garrett was the manager at another local manufacturing plant, Hager Hinge, where he was the human resource manager when African American employees complained about a racially hostile working environment. Plaintiffs further alleged that as human resource manager, Garrett failed to take any action to stop the racial harassment.

26.      Mr. Garrett has an alleged history of racial discrimination. It is alleged that Mr. Garrett was accused of discrimination while employed with Hager Hinge Company, his former employer. Plaintiff believes that Daehan either knew and ignored Mr. Garrett's alleged past discriminatory behavior at his former employer or did not complete an adequate background check that would have revealed Mr. Garrett's alleged discriminatory behavior.

27.      Plaintiff also believes that the defendant retaliated against her after she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

28.      Plaintiff was also subjected to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff Ford and the other plaintiffs observed white co-workers wearing T-shirts with rebel flags printed on them without consequences from the defendant. Further, Daehan employees observed a rebel flag being flown in James Savelle's lawn while driving to and from work. Mr. Savelle is the plant manager and his home is located down the street from the plant.

**Tarrence Gordon**

29.      Plaintiff Gordon re-alleges and incorporates by reference paragraphs 1-29 with the same force and effect as if fully set out in specific detail hereinbelow.

30.      Plaintiff Gordon has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

31.        Plaintiff Gordon worked for Daehan and was fired in retaliation by the defendant on March 16, 2006 after he filed a charge of discrimination with the EEOC. Until the plaintiff's firing, the plaintiff had never received any disciplinary actions. The defendant's retaliatory actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

32.        Plaintiff was also subjected to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff Gordon believes that he was discriminated against by the general manager of human resources, Rick Garrett. Mr. Garrett discriminated against Plaintiff Gordon and other African Americans by denying them pay raises, promotions, and demoting them to lower paying jobs. Upon information and belief, Rick Garrett has a pattern of discrimination against African Americans employees and created a hostile working environment. For example, Garrett was the manager at another local manufacturing plant, Hager Hinge, where he was the human resource manager when African American employees complained about a racially hostile working environment. Plaintiffs further alleged that as human resource manager, Garrett failed to take any action to stop the racial harassment.

**Donald Hawthorne**

33.     Plaintiff Donald Hawthorne re-alleges and incorporates by reference paragraphs 1-32 with the same force and effect as if fully set out in specific detail hereinbelow.

34.     Plaintiff Hawthorne has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

35.     Plaintiff Hawthorne became employed with Daehan Solutions on January 24, 2005.

36.     Plaintiff Hawthorne worked in the hot press room for several months. As a result of the chemicals used in the hot press room, the plaintiff developed skin irritation. The plaintiff contacted Rick Garrett and requested to be transferred to another department. Mr. Garrett repeatedly ignored the plaintiff's request.

37.     Plaintiff Hawthorne was later told that he could not transfer to another job because he was too important to the department, although he bid on several jobs. Plaintiff constantly complained about his skin irritation and ultimately contacted a workmen's compensation physician.

Meanwhile, the plaintiff observed two white co-workers transfer to other jobs, one of whom had skin irritation while the other was allowed to transfer because he simply didn't like the job.

38.     After the plaintiff obtained a written doctor's note that substantiated his claims that the chemicals used in the hot press room were an extreme irritant to his skin, the plaintiff was transferred to another department.

39.     Subsequent to the transfer, the plaintiff believes he was retaliated against by the constant harassment he endured from management personnel. Most of the harassing communications from management involved the plaintiff's transfer and refusal to work in the hot press room.

40.     During a heated discussion on January 21, 2006 with the accounting manager, Richard Park, about the work process in which the plaintiff was supervising, Mr. Park grabbed the plaintiff's arm. Plaintiff Hawthorne reported the unwanted touching to Mr. Garrett.  At Mr. Garrett's direction, the plaintiff was fired on January 21, 2006. Mr. Park was not disciplined.

41.     Plaintiff Hawthorne believes that he was discriminated against by the general manager of human resources, Rick Garrett. Mr. Garrett

discriminated against Plaintiff Hawthorne and other African Americans by denying them pay raises, promotions, and demoting them to lower paying jobs. Upon information and belief, Rick Garrett has a pattern of discrimination against African Americans employees and created a hostile working environment. For example, Garrett was the manager at another local manufacturing plant, Hager Hinge, where he was the human resource manager when African American employees complained about a racially hostile working environment. Plaintiffs further alleged that as human resource manager, Garrett failed to take any action to stop the racial harassment.

**Kerry Hawthorne**

42.     Plaintiff  Kerry Hawthorne re-alleges and incorporates by reference paragraphs 1-41 with the same force and effect as if fully set out in specific detail hereinbelow.

43.     Plaintiff Hawthorne has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

44.     Plaintiff Hawthorne became employed with Daehan Solutions on May 19, 2005. Plaintiff was employed as a material handler in the shipping and receiving department.

45.     Throughout the plaintiff's employment, he inquired and made known his desire to be promoted to other positions. Although, the plaintiff received good performance evaluations, Mr. Garrett never informed the plaintiff of any better paying positions. Since many positions were not posted, Mr. Garret was alone responsible for informing interested employees about job vacancies.

46.     The plaintiff was later fired without cause on January 24, 2006 by Mr. Garrett.

47.     The plaintiff was also subjected to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Throughout the plaintiff's employment, white female employees were allowed to wear t-shirts with confederate flags printed on them. Further, the production manager, James Savelle, has flown a confederate battle flag in the lawn of his home, which is located down the street from the plant.

48.     Plaintiff Hawthorne believes that he was discriminated against by the general manager of human resources, Rick Garrett. Mr. Garrett

discriminated against Plaintiff Hawthorne and other African Americans by denying them pay raises, promotions, and demoting them to lower paying jobs. Upon information and belief, Rick Garrett has a pattern of discrimination against African Americans employees and created a hostile working environment. For example, Garrett was the manager at another local manufacturing plant, Hager Hinge, where he was the human resource manager when African American employees complained about a racially hostile working environment. Plaintiffs further alleged that as human resource manager, Garrett failed to take any action to stop the racial harassment.

**Dana Hooper**

49.     Plaintiff Dana Hooper  re-alleges and incorporates by reference paragraphs 1-48 with the same force and effect as if fully set out in specific detail hereinbelow.

50.     Plaintiff Hooper has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

51.     Plaintiff Hooper became employed with Daehan on August 14, 2004. Plaintiff Hooper was employed as a quality control specialist until she was demoted to a production assistant position on December 16, 2005.

52.     Plaintiff Hooper believes he was demoted at the direction of Mr. Garrett because of her race, African American.

53.     The plaintiff was also subjected to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff Hooper believes that he was discriminated against by the general manager of human resources, Rick Garrett. Mr. Garrett discriminated against Plaintiff Hooper and other African Americans by denying them pay raises, promotions, and demoting them to lower paying jobs. Upon information and belief, Rick Garrett has a pattern of discrimination against African Americans employees and created a hostile working environment. For example, Garrett was the manager at another local manufacturing plant, Hager Hinge, where he was the human resource manager when African American employees complained about a racially hostile working environment. Plaintiffs further alleged that as human resource manager, Garrett failed to take any action to stop the racial harassment.

**Larry Osborne**

54.  Plaintiff Larry Osborne re-alleges and incorporates by reference paragraphs 1-53 with the same force and effect as if fully set out in specific detail hereinbelow.

55.  Plaintiff Osborne has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

56.  Plaintiff Osborne became employed with the defendant on January 24, 2005 as a production assembly laborer machine operator.

57.  Although the plaintiff was qualified and able to be promoted to another position, he was never selected for an interview by Rick Garrett. Further, Rick Garrett, as human resources general manager, did not post all job openings and only promoted and hired whites for all managerial positions during plaintiff's employ.

58.  The plaintiff was also subjected to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff Osborne believes that he was discriminated against by the general manager of human resources,

Rick Garrett. Mr. Garrett discriminated against Plaintiff Osborne and other African Americans by denying them pay raises, promotions, and demoting them to lower paying jobs. Upon information and belief, Rick Garrett has a pattern of discrimination against African Americans employees and created a hostile working environment. For example, Garrett was the manager at another local manufacturing plant, Hager Hinge, where he was the human resource manager when African American employees complained about a racially hostile working environment. Plaintiffs further alleged that as human resource manager, Garrett failed to take any action to stop the racial harassment.

**Barry Reynolds**

59.      Plaintiff Barry Reynolds re-alleges and incorporates by reference paragraphs 1-58 with the same force and effect as if fully set out in specific detail hereinbelow.

60.      Plaintiff Reynolds has been discriminated and retaliated against and treated differently than similarly situated white employees and applicants for employment solely because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

61.     Plaintiff Reynolds was employed with Daehan as a maintenance mechanic from June 1, 2004 until his unlawful termination on December 11, 2005.

62.     The plaintiff, although qualified, sought promotions to higher paying jobs and was never given the opportunity to interview for managerial positions. Again, Mr. Garrett, was responsible for posting and informing employees about managerial job vacancies.

63.     Plaintiff Reynolds was later fired by Mr. Garrett when he was involved in a verbal dispute with plant manager, James Savelle. Mr. Savelle called the plaintiff a nigger and the plaintiff responded to the insult. Before this incident, the plaintiff had no prior disciplinary warnings during his employment.

64.     Plaintiff Reynolds was terminated by Mr. Garret for disruptive conduct, although he knew that Mr. Savelle incited the dispute. Mr. Garrett did not discipline nor did he terminate Mr. Savelle for his offensive conduct.

65.     The plaintiff was also subjected to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff Reynolds believes that he was discriminated against by the general manager of human

resources, Rick Garrett. Mr. Garrett discriminated against Plaintiff
Reynolds and other African Americans by denying them pay raises,
promotions, and demoting them to lower paying jobs. Upon information
and belief, Rick Garrett has a pattern of discrimination against African
Americans employees and created a hostile working environment. For
example, Garrett was the manager at another local manufacturing plant,
Hager Hinge, where he was the human resource manager when African
American employees complained about a racially hostile working
environment. Plaintiffs further alleged that as human resource manager,
Garrett failed to take any action to stop the racial harassment.

## VI.      CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 U.S.C. SECTION 2000e TITLE VII

66.      Plaintiffs re-allege and incorporate by reference paragraphs 1-
65 with the same force and effect as if fully set out in specific detail
hereinbelow.

67.      Plaintiffs have been discriminated against and treated
differently  than similarly situated white employees solely because of
race, African American, in violation of Title VII of the Civil Rights Act

of 1964, as amended by the Civil rights Act of 1991. This treatment by Defendant has affected the terms and conditions of Plaintiffs' employment.

68.     Furthermore, said acts of discrimination have affected the plaintiffs' pay, benefits, retirement, raises, ability to advance, and right to be free of racial discrimination. Plaintiffs allege that white employees were not treated in this manner.

69.     The defendant has a pattern and practice of racial discrimination in all the foregoing aspects. This pattern and practice is evidenced by the defendant's failure to inform African American employees about promotional jobs and the defendant's repeated refusal to promote qualified African American employees to managerial positions.

70.     The actions of the defendants, as described above, were done with malice and/or reckless indifference to the federally protected rights of the plaintiffs.

71.     This reckless and will full discrimination on the part of the Defendant constitutes a violation of the Plaintiffs' statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

72.      As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiffs' were deprived of income and other compensation and benefits.

73.      Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory and other relief, including punitive and compensatory damages, is the, is their only means of securing adequate relief.  The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II:  RACIALLY HOSTILE ENVIRONMENT IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

74.      The  Plaintiff  re-alleges  and  incorporates  by  reference paragraphs 1-73 above with the same force and effect as if fully set out in specific detail hereinbelow.

75.      The defendant created a racially hostile environment when it allowed employees to wear racially offensive attire. Moreover, Rick Garrett was aware that said racially offensive attire in the work place violated the plaintiffs' rights because the same issue was raised by

African American employees when Garrett was the human resource manager at Hager Hinge.

76.     The defendant, Daehan Solutions, is liable under Title VII because it knew or should have known that employees dressed in insulting and degrading attire specifically intended to insult and humiliate African American employees. Further, employees who dressed in racially offensive attire were never prohibited from wearing offensive attire nor were employees disciplined for wearing such offensive attire.

77.     The defendant was also aware that the plant manager, James Savelle, had a rebel flag being flown on his front lawn, which is located down the street from Daehan.

78.     The actions of Defendants, as described above, were done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

79.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, backpay, compensatory and punitive damages is his only means of securing adequate relief.

80.     The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 2000e TITLE VII

81.     Plaintiffs re-allege and incorporate by reference paragraphs 1-80 with the same force and effect as if fully set out in specific detail hereinbelow.

82.     The defendant's firing and demoting of African American employees after learning that an equal employment opportunity charge of racial discrimination is evidence of purposeful and intentional retaliation against the plaintiffs.

83.     The plaintiffs repeatedly made it known that they were qualified and willing to accept higher paying positions yet none of the plaintiffs were selected after several positions had become available.

84.     The plaintiffs' allegations of racial discrimination was a substantial motivating factor in their non-selection to higher paid positions although they were qualified applicants. Further, the defendant fired and/or demoted the plaintiffs after they requested job transfers and/or promotions.

85.     The actions of the defendants, as described above, were done with malice and/or reckless indifference to the federally protected rights of the plaintiffs.

86.     Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

### COUNT IV: 42 U.S.C. SECTION 1981 AND 1981(a)

87.     Plaintiff re-alleges and incorporates by reference paragraphs 1-86 with the same force and effect as if fully set out in specific detail hereinbelow.

88.     Plaintiffs have been discriminated against, singled out and treated differently than similarly situated white employees because of their race, African American, in violation of 42 U.S.C. § 1981 and 1981(a), as amended by the Civil Rights Act of 1991. This treatment by the defendant has affected the terms and conditions and enjoyment of

plaintiffs' employment. Moreover, the actions of the defendants were done under color of state authority.

89.     As a further consequence and effect of the defendant's unlawful conduct and practices, the plaintiffs were deprived of income and other compensation and benefits.

90.     Plaintiffs believe and thus aver that the affect of the defendant's unlawful employment practices have been to limit, classify and discriminate against persons of African American ancestry in ways which jeopardize and intend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their race in violation of 42 U.S.C. § 1981 and 1981(a) under color if state authority. Plaintiffs, the victims of such practices, are now and will continue to be unlawfully deprived of income in the form of wages, perspective retirement benefits, seniority, social security benefits, insurance coverage and other monetary and non-monetary benefits due to them solely because of their race in sums to be proved at trial.

91.     Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the defendant's racially discriminatory, demeaning and unlawful conduct. The actions of the defendant, as described above were done with malice

and/or reckless indifference to the federally protected rights of the plaintiffs.

92.     Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### Count V:  Negligent Hiring

93.     Plaintiffs re-allege and incorporate by reference paragraphs 1-92 with the same force and effect as if fully set out in specific detail hereinbelow.

94.     The defendant either knew or should have known that human resource manager, Rick Garrett had a history of employment racial discrimination. The defendant hired Mr. Garrett despite his past history of failure to protect African American employers from a racially hostile working environment. Moreover, the claim in this case are almost identical to the claims of the African American employees at Hager Hinge.

95.     Because the defendant failed to complete an adequate background check or ignored Mr. Garrett's past employment racial discrimination history, the plaintiffs endured illegal racial discrimination and were forced to work in a racially hostile working environment.

96.     As a legal and proximate cause of Defendant's negligent hiring of human resource manager, Rick Garrett, the plaintiffs suffered racial discrimination and experienced working in a racially hostile work environment. As such, the plaintiffs suffered financially by being denied raises and promotions and endured mental pain and suffering throughout their employment with Daehan.

## Count VI:  Negligent Retention

97.     Plaintiffs re-allege and incorporate by reference paragraphs 1-96 with the same force and effect as if fully set out in specific detail hereinbelow.

98.     The defendant knew or should have known human resource manager, Rick Garrett, discriminated against the plaintiffs.  Despite knowledge of Mr. Garrett's discriminatory behavior, Mr. Garrett's employment continued.

99.     The defendant failed to investigate any claims related to Rick Garrett's discriminatory behavior in the workplace.

100.     Because the defendant failed to investigate, prohibit, or take any kind or remedial action towards Mr. Garrett's discriminatory behavior, the plaintiffs continued to suffer from illegal workplace discrimination.

101.     As a legal and proximate cause of Defendant's negligent retention of human resource manager, Rick Garrett, the plaintiffs suffered racial discrimination and experienced working in a racially hostile work environment. As such, the plaintiffs suffered financially by being denied raises and promotions and endured mental pain and suffering throughout their employment with Daehan.

## VII.  PRAYER FOR RELIEF

Wherefore, the plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures conditions and customs and customs of the defendant are violative of the rights of the plaintiffs as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964" as amended, by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq.

2.    Grant Plaintiffs a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII, the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.

3.    Enter and order requiring the defendant to make the plaintiffs whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, and benefits.

The plaintiffs further pray for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorneys fees and expenses.


**JUR.0Y TRIAL DEMANDED**

Respectfully submitted,


Byron R. Perkins
Alabama Bar # ASB-0183-N75B


Roderick T. Cooks

Alabama Bar #ASB-5819-0785

Counsel for Plaintiffs

**OF COUNSEL**
Counsel for Plaintiffs
THE COCHRAN FIRM
505 North 20th Street,
Suite 825
 Birmingham, Alabama 35203
Phone (205) 244-1115
Fax (205) 244-1175


WINSTON & COOKS, LLC
The Pennick Building
319-17th Street North
Birmingham, Alabama 35203
Phone (205) 502-0970
Fax (205) 251-0231