IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESHAUN CARTER, SHONITA FORD, TARRENCE GORDON, DONALD HAWTHORNE, KERRY HAWTHORNE, DANA HOOPER, LARRY OSBORNE, BARRY REYNOLDS, <br><br> PLAINTIFFS, <br><br> v. <br><br> DAEHAN SOLUTION ALABAMA, LLC, <br><br> DEFENDANT. | CIVIL ACTION NUMBER: 2:07-CV-988-WKW |

## ANSWER AND DEFENSES OF DEFENDANT DAEHAN SOLUTION ALABAMA, LLC

COMES NOW Defendant Daehan Solution Alabama, LLC, ("Defendant" or "Daehan"), improperly designated in the Complaint as Daehan Solutions, and answers the Complaint of Plaintiffs Deshaun Carter, Shonita Ford, Tarrence Gordon, Donald Hawthorne, Kerry Hawthorne, Dana Hooper, Larry Osborne, and Barry Reynolds ("Plaintiffs") as follows:

## ANSWER

Defendant responds to the corresponding numbered paragraphs of the Complaint as follows:

1620177 v1

# INTRODUCTION

In response to the Introduction paragraph of Plaintiffs' Complaint, Defendant admits that Plaintiffs purport to bring this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, deny that any violation of such statutes occurred, and deny the remaining allegations of the paragraph.

# JURISDICTION

1. In response to paragraph 1 of the Complaint, Defendant admits that this Court has jurisdiction of claims properly brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. Except as expressly admitted herein, Defendant denies the allegations of paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Defendant admits that venue is proper but denies that any discriminatory acts occurred. Except as expressly admitted herein, Defendant denies the allegations of paragraph 2 of the Complaint.

# ADMINISTRATIVE EXHAUSTION

3. Defendant denies the allegations of paragraph 3 of the Complaint.

4. Defendant denies the allegations of paragraph 4 of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint.

## PARTIES

7. In response to paragraph 7 of the Complaint, Defendant admits that Plaintiff Deshaun Carter is an African-American citizen of the United States and was employed by Daehan. Except as expressly admitted herein, Defendant denies the allegations of paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Defendant admits that Plaintiff Shonita Ford is an African-American citizen of the United States. Except as expressly admitted herein, Defendant denies the allegations of paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Defendant admits that Plaintiff Terrance Gordon is an African-American citizen of the United States and was employed by Daehan. Except as expressly admitted herein, Defendant denies the allegations of paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Defendant admits that Plaintiff Donald Hawthorne is an African-American citizen of the United States and was employed by Daehan. Except as expressly admitted herein, Defendant denies the allegations of paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Defendant admits that Plaintiff Kerry Hawthorne is an African-American citizen of the United States and was employed by Daehan. Except as expressly admitted herein, Defendant denies

the allegations of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Defendant admits that Plaintiff Dana Hooper is an African-American citizen of the United States and was employed by Daehan. Except as expressly admitted herein, Defendant denies the allegations of paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, Defendant admits that Plaintiff Larry Osborne is an African-American citizen of the United States and was employed by Daehan. Except as expressly admitted herein, Defendant denies the allegations of paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Defendant admits that Plaintiff Berry Reynolds is an African-American citizen of the United States and was employed by Daehan. Except as expressly admitted herein, Defendant denies the allegations of paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Daehan Solution Alabama, LLC admits that it is a corporate entity organized under the laws of the State of Alabama and that its principal place of business is in Hope Hull, Alabama. Daehan Solution Alabama, LLC also admits that it is an employer within the meaning of §701(b) of Title VII. Except as expressly admitted herein, Defendant denies the allegations of paragraph 15 of the Complaint.

**STATEMENT OF FACTS**

**DeShaun Carter**

16. In response to paragraph 16 of the Complaint, Defendant incorporates its responses to paragraphs 1-15 above as though fully set forth herein.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

**Shonita Ford**

21. In response to paragraph 21 of the Complaint, Defendant incorporates its responses to paragraphs 1-20 above as though fully set forth herein.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Defendant admits that Plaintiff Ford was transferred to a Production Associate position after a customer complaint. Except as expressly admitted herein, Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

**Tarrence Gordon**

29. In response to paragraph 29 of the Complaint, Defendant incorporates its responses to paragraphs 1-28 above as though fully set forth herein.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

**Donald Hawthorne**

33. In response to paragraph 33 of the Complaint, Defendant incorporates its responses to paragraphs 1-32 as though fully set forth herein.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, Defendant admits that Plaintiff Hawthorne became employed with Daehan on January 24, 2005. Except as expressly admitted herein, Defendant denies the allegations of paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, Defendant admits that Plaintiff Hawthorne worked in the Hot Press Room for several months. Except as expressly admitted herein, Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint, Defendant admits that it promoted Plaintiff Hawthorne and transferred him to a different department. Except as expressly admitted herein, Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

**Kerry Hawthorne**

42. In response to paragraph 42 of the Complaint, Defendant incorporates its responses to paragraph 1-41 as though fully set forth herein.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Defendant admits that Plaintiff Hawthorne became employed with Daehan on May 19, 2005 and worked as a Material Handler. Except as expressly admitted herein, Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

**Dana Hooper**

49. In response to paragraph 49 of the Complaint, Defendant incorporates its responses to paragraph 1-48 above as though fully set forth herein.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

**Larry Osborne**

54. In response to paragraph 54 of the Complaint, Defendant incorporates its responses to paragraphs 1-53 as though fully set forth herein.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. In response to paragraph 56 of the Complaint, Defendant admits that Plaintiff Osborne became employed by Daehan on January 24, 2005. Except as expressly admitted herein, Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

**Barry Reynolds**

59. In response to paragraph 59 of the Complaint, Defendant incorporates its responses to paragraphs 1-58 above as though fully set forth herein.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant denies the allegations of paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

65. Defendant denies the allegations of paragraph 65 of the Complaint.

## CAUSES OF ACTION
## COUNT I: VIOLATION OF 42 U.S.C. SECTION 2000E TITLE VII

66. In response to paragraph 66 of the Complaint, Defendant incorporates its responses to paragraphs 1-65 above as though fully set forth herein.

67. Defendant denies the allegations of paragraph 67 of the Complaint.

68. Defendant denies the allegations of paragraph 68 of the Complaint.

69. Defendant denies the allegations of paragraph 69 of the Complaint.

70. Defendant denies the allegations of paragraph 70 of the Complaint.

71. Defendant denies the allegations of paragraph 71 of the Complaint.

72. Defendant denies the allegations of paragraph 72 of the Complaint.

73. Defendant denies the allegations of paragraph 73 of the Complaint and denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## COUNT II: RACIALLY HOSTILE ENVIRONMENT IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

74. In response to paragraph 74 of the Complaint, Defendant incorporates

its responses to paragraphs 1-73 above as though fully set forth herein.

75. Defendant denies the allegations of paragraph 75 of the Complaint.

76. Defendant denies the allegations of paragraph 76 of the Complaint.

77. Defendant denies the allegations of paragraph 77 of the Complaint.

78. Defendant denies the allegations of paragraph 78 of the Complaint.

79. Defendant denies the allegations of paragraph 79 of the Complaint.

80. Defendant denies the allegations of paragraph 80 of the Complaint and denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 2000e TITLE VII

81. In response to paragraph 81 of the Complaint, Defendant incorporates its responses to paragraphs 1-80 above as though fully set forth herein.

82. Defendant denies the allegations of paragraph 82 of the Complaint.

83. Defendant denies the allegations of paragraph 83 of the Complaint.

84. Defendant denies the allegations of paragraph 84 of the Complaint.

85. Defendant denies the allegations of paragraph 85 of the Complaint.

86. Defendant denies the allegations of paragraph 86 of the Complaint and denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## COUNT IV: 42 U.S.C. SECTION 1981 AND 1981(A)

87. In response to paragraph 87 of the Complaint, Defendant incorporates its responses to paragraphs 1-86 as though fully set forth herein.

88. Defendant denies the allegations of paragraph 88 of the Complaint.

89. Defendant denies the allegations of paragraph 89 of the Complaint.

90. Defendant denies the allegations of paragraph 90 of the Complaint.

91. Defendant denies the allegations of paragraph 91 of the Complaint.

92. Defendant denies the allegations of paragraph 92 of the Complaint and denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## COUNT V: NEGLIGENT HIRING

93. In response to paragraph 93 of the Complaint, Defendant incorporates its responses to paragraphs 1-92 above as though fully set forth herein.

94. Defendant denies the allegations of paragraph 94 of the Complaint.

95. Defendant denies the allegations of paragraph 95 of the Complaint.

96. Defendant denies the allegations of paragraph 96 of the Complaint.

## COUNT VI: NEGLIGENT RETENTION

97. In response to paragraph 97 of the Complaint, Defendant incorporates its responses to paragraphs 1-96 above as though fully set forth herein.

98. Defendant denies the allegations of paragraph 98 of the Complaint.

99. Defendant denies the allegations of paragraph 99 of the Complaint.

100. Defendant denies the allegations of paragraph 100 of the Complaint.

101. Defendant denies the allegations of paragraph 101 of the Complaint.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, including the subparagraphs therein, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the claims of the Complaint fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs have failed to satisfy the prerequisites, jurisdictional or otherwise, to bringing some or all of the claims alleged in the Complaint.

### THIRD DEFENSE

Some or all of the Plaintiffs' claims are barred because they are outside the scope of Plaintiffs' Charges of Discrimination filed with the EEOC.

### FOURTH DEFENSE

Some or all of the Plaintiffs' claims are barred because of their failure to make them the subject of a timely Charge of Discrimination filed with the EEOC.

## FIFTH DEFENSE

Some or all of the Plaintiffs' claims are barred by their failure to institute this action within 90 days of receiving a Notice of Right to Sue from the EEOC.

## SIXTH DEFENSE

Some or all of the claims in the Complaint are barred by the limitations period and/or laches.

## SEVENTH DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are barred by the doctrines of waiver, estoppel, *res judicata* and/or unclean hands.

## EIGHTH DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are foreclosed because Plaintiffs have not done equity.

## NINTH DEFENSE

Plaintiffs were at-will employees of Defendant.

## TENTH DEFENSE

All decisions and/or actions challenged as discriminatory in the Complaint were undertaken for legitimate, non-discriminatory, non-retaliatory reasons.

## ELEVENTH DEFENSE

Defendant is not guilty of unlawful discrimination and/or retaliation against the Plaintiffs.

## TWELFTH DEFENSE

Even should the finder of fact determine that any discriminatory or retaliatory animus played any part in the Defendant's personnel actions regarding Plaintiffs, Defendant avers that such actions would have been taken in any event and for legitimate, non-discriminatory and non-retaliatory reasons.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of after-acquired evidence.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the applicable doctrines of waiver, acquiescence, ratification, consent, release and accord and satisfaction.

## FIFTEENTH DEFENSE

Defendant is not liable for the activities alleged because it had in place an appropriate policy against harassment and discrimination and an adequate procedure to receive and remedy complaints, and Plaintiffs unreasonably failed to utilize this policy and procedure.

## SIXTEENTH DEFENSE

Even if the finder of fact determines that conduct constituting harassment occurred, Defendant did not know and had no reason to know of such conduct.

**SEVENTEENTH DEFENSE**

Even if the finder of fact determines that conduct constituting harassment occurred, Defendant, if and when it became aware of Plaintiffs' allegations, promptly and properly investigated the matter and took prompt, effective and appropriate action.

**EIGHTEENTH DEFENSE**

Even if Plaintiffs could establish that conduct constituting harassment occurred, Defendant cannot be held liable for any such alleged conduct because it has exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**NINETEENTH DEFENSE**

Some of Plaintiffs' claims are barred by workers' compensation immunity.

**TWENTIETH DEFENSE**

Some of Plaintiffs' claims are barred by contributory negligence.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred because she failed to take steps to avoid any alleged unwanted behavior that a reasonable person would have taken, including, but not limited to, the use of available means to report alleged harassment,

discrimination or retaliation to higher management or to take any other steps that a reasonable person would have taken to stop any alleged unwanted behavior.

## TWENTY-SECOND DEFENSE

Any harm and/or damages suffered by Plaintiffs were not proximately caused by Defendant's actions, but rather by a third party's actions that constitute a superseding, intervening cause of any such harm or damages.

## TWENTY-THIRD DEFENSE

Defendant expressly denies all allegations not specifically admitted herein.

## TWENTY-FOURTH DEFENSE

The Plaintiffs have failed to mitigate their backpay or monetary relief sought.

TWENTY-FIFTH DEFENSE

Plaintiffs fail to state a claim against Defendant that would warrant the award of punitive damages.

## TWENTY-SIXTH DEFENSE

Plaintiffs are not entitled to punitive damages since none of the actions taken by the defendant relative to Plaintiffs were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for Plaintiffs' federally protected rights.

## TWENTY-SEVENTH DEFENSE

Defendant reserves all other defenses relating to Plaintiffs' claims in the Complaint and reserves the right to assert additional defenses as they become known or available.

*Marcel L. Debruge*
Marcel L. Debruge (DEB006)
Ashley H. Hattaway (HAT007)
Kathryn M. Willis (MOR130)

ATTORNEYS FOR DEFENDANT
DAEHAN SOLUTION ALABAMA, LLC

**OF COUNSEL:**
**BURR & FORMAN LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 28th day of November, 2007:

>Byron R. Perkins
>The Cochran Firm
>505 North 20th Street
>Suite 825
>Birmingham, Alabama  35203
>Phone:  (205) 244-1115
>Fax:  (205) 244-1175
>
>Roderick T. Cooks
>Winston & Cooks, LLC
>The Pennick Building
>319-17th Street North
>Birmingham, Alabama  35203
>Phone:  (205) 502-0970
>Fax:  (205) 251-0231

>*Marcel L. Debruge*
>**OF COUNSEL**