IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESHAUN CARTER, SHONITA FORD, TARRENCE GORDON, DONALD HAWTHORNE, KERRY HAWTHORNE, DANA HOOPER, LARRY OSBORNE, BARRY REYNOLDS,<br><br>    PLAINTIFFS,<br><br>v.<br><br>DAEHAN SOLUTION ALABAMA, LLC,<br><br>    DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NUMBER:**<br>)  **2:07-CV-988-WKW**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on December 18, 2007, at the offices of Burr & Forman LLP and was attended by Byron R. Perkins, Esq., Lee D. Winston, Esq. and Roderick T. Cooks, Esq., for plaintiffs, and by Ashley H. Hattaway, Esq., and Kathryn M. Willis, Esq., for defendant.

    1.    **Pre-Discovery Disclosures.** The parties will exchange, on or before **January 11, 2008**, the information required by Rule 26(a)(1).

    2.    **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

Discovery will be needed with respect to plaintiffs' claims, alleged damages, mitigation of damages, and employment history and defendant's defenses.

Disclosure of or discovery of electronically stored information will be handled as follows: The parties will take reasonable measures to preserve relevant electronic information. Specifically, the defendant will preserve documents regarding the plaintiffs' claims created by or sent to the decisionmakers during each plaintiff's employment with the Company, to the extent such documents exist. Other information will be preserved in accordance with the defendant's document retention plan. Any electronic information produced will be produced in hard copy, unless otherwise agreed by the parties or ordered by the Court.

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: Disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.

All discovery will be commenced in time to be completed by **July 7, 2008**.

A maximum of **20** interrogatories by each party to any other party. Responses due 30 days after service.

A maximum of **15** requests for admission by each party to any other party. Responses due 30 days after service.

A maximum of **30** requests for production by each party to another party. Responses due 30 days after service.

The defendant may depose each plaintiff. In addition, each party may depose **8** other people. Each deposition is limited to a maximum of **7** hours, except that a deposition of a 30(b)(6) witness or a plaintiff may not exceed **10** hours, unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due: from plaintiffs by **April 7, 2008**, and from defendant by **May 5, 2008**.

Supplementation under Rule 26(e) due thirty (30) days after party discovers need to supplement and no later than thirty (30) days prior to discovery cutoff.

3. **Other Items.**

The parties do not specifically request a conference with the court before entry of the scheduling order.

The parties do request a pretrial conference four to six weeks prior to trial.

Plaintiffs should be allowed until **March 3, 2008**, to join additional parties or to amend the pleadings.

Defendant should be allowed until **April 7, 2008**, to join additional parties or to amend the pleadings.

All potentially dispositive motions should be filed ninety (90) days prior to the pretrial conference.

Settlement and participation in an Alternative Dispute Resolution Plan likely cannot be evaluated until completion of some discovery.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due forty (40) days before trial. Parties should have fifteen (15) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial on **October 20, 2008**, and at this time is expected to take approximately **1 to 2 weeks**.

        s/ Ashley H. Hattaway
        Marcel L. Debruge (DEB006)
        Ashley H. Hattaway (HAT007)
        Kathryn M. Willis (MOR130)
        BURR & FORMAN LLP
        3400 Wachovia Tower
        420 North 20th Street
        Birmingham, Alabama  35203

        Attorneys for Defendant
        Daehan Solution Alabama, LLC

s/ Byron R. Perkins
Byron R. Perkins
The Cochran Firm
505 North 20th Street
Suite 825
Birmingham, Alabama  35203


s/ Lee D. Winston
Lee D. Winston
Roderick T. Cooks
Winston & Cooks, LLC
The Pennick Building
319-17th Street North
Birmingham, Alabama  35203

Attorneys for Plaintiffs