IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESHAUN CARTER, SHONITA FORD, TARRENCE GORDON, DONALD HAWTHORNE, KERRY HAWTHORNE, DANA HOOPER, LARRY OSBORNE, and BARRY REYNOLDS, ) ) ) ) ) ) ) | CV-2:07-988-WKW |
| PLAINTIFFS, ) ) | |
| v. ) ) | |
| DAEHAN SOLUTION ALABAMA, LLC, ) ) | |
| DEFENDANT. ) | |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

COME NOW, the Plaintiffs in the above styled cause of action and would respond to the Court's Order to show cause as to why Defendant Daehan Solutions Motion to Seal and Motion for Protective Order should not be granted as follows:

1. On May 8, 2008, Defendant's counsel filed Defendant's Motion for Protective Order to Delay Production of Audiotapes and Defendant's Motion to File Materials Under Seal. In these motions Defendant seeks to withhold production of approximately 64 voicemail recordings of Plaintiff Barry Reynolds until after Plaintiff Reynolds's deposition. Defendant's basis for withholding this information is that it has compelling impeachment value.

2. Defendant wants to delay the production of these voicemail messages without disclosing their subject matter; however, to do so would be unfair without first allowing Plaintiff's counsel an opportunity to review them. The rules of civil procedure were enacted to discourage discovery and trial by ambush.

3.      Moreover, these voicemail messages appear to have been created post-employment; therefore, they are not relevant to Plaintiff Reynolds's promotion and disparate treatment claims. Any information the Defendant is seeking to gain from questioning Reynolds about the messages would presumably go to his damages or post-employment conduct.  Furthermore, any impeachment value the Defendant is seeking with regard to these voicemail messages is undercut by the fact that Reynolds already disclosed in his interrogatory responses that he had charges pending and a court date for directing harassing communications towards Rick Garret. (See, Ex. 1, Plaintiff's Interrogatory Resp. No. 9, pg. 9).   Therefore, there is no need to withhold this information in order to set some type of impeachment trap.

4.       At a minimum Plaintiff's counsel should be allowed to review sealed exhibit c which is the summary of what every one except Plaintiff's counsel knows will likely be tapes of harassing communications.  However, if the Court grants the Defendant's motions, then Plaintiff's counsel requests that the voicemail messages not be used during Plaintiff Reynolds's deposition and that they be produced within ten-days of the conclusion of Plaintiff Reynolds's deposition. For the above stated reasons, the Plaintiffs respectfully request that the Defendant's motions be denied in their entirety or in the alternative that the protective order be modified so as to prohibit the use of the voicemail messages during Plaintiff Reynolds's deposition and that they be produced to the Plaintiffs within ten-days of the conclusion of Plaintiff Reynolds's deposition.

    Respectfully submitted,

    s/Roderick T. Cooks
    Roderick T. Cooks
    Attorney for the Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document has been filed using the Court's CM/ECF electronic filing system:

Constance S. Barker
Bruce J. Downey, III
Christopher W. Weller
CAPELL & HOWARD, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
(334) 241-8000

Done this the 16th day of May 2008.

                                                s/Roderick Cooks
                                                Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESHAUN CARTER, SHONITA<br>FORD, TARRENCE GORDON, DONALD<br>HAWTHORNE, KERRY HAWTHORNE,<br>DANA HOOPER, LARRY OSBORNE,<br>and BARRY REYNOLDS,<br><br>PLAINTIFFS,<br><br>v.<br><br>DAEHAN SOLUTION ALABAMA, LLC,<br><br>DEFENDANT. | )<br>)<br>)<br>) CV-2:07-988-WKW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BARRY REYNOLDS' ANSWERS TO DAEHAN SOLUTION ALABAMA, LLC'S FIRST INTERROGATORIES

COMES NOW the Plaintiff, Barry Reynolds', and responds to Defendant's First Interrogatories to Plaintiff as follows:

## GENERAL OBJECTIONS

1. The Plaintiff objects to these interrogatories to the extent they seek information and/or documentation regarding matters about which the defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these interrogatories.

2. The Plaintiff objects to these interrogatories to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

3. The Plaintiff objects to these interrogatories to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

4. The Plaintiff objects to these interrogatories to the extent that the defendant is seeking to make them into a bill of particulars.

5. The Plaintiff objects to these interrogatories to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

6. The Plaintiff objects to these interrogatories to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these interrogatories to the extent that the information and/or documentation called for, if any, is privileged and is not discoverable under Rule 26(b)(3) of the Federal Rules of Civil Procedure.

7. The Plaintiff objects to these interrogatories to the extent that they seek information and/or documentation that is equally available to the defendant and the burden on the defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

8. The Plaintiff objects to these interrogatories to the extent they exceed the requirements of Rules 26, 30, or 34 of the Fed. R. Civ. P.

9. The Plaintiff objects to these interrogatories to the extent they seek information and/or

documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

10. The Plaintiff objects to these interrogatories to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

11. The Plaintiff objects to these interrogatories to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the defendant in this action.

12. The Plaintiff objects to these interrogatories to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

13. The Plaintiff objects to these interrogatories to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

14. The Plaintiff objects to these interrogatories to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the defendant has refused or objected to providing in their interrogatory or request for production responses.

15. The Plaintiff objects to these interrogatories to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

16. These interrogatories are addressed to "the Plaintiff" and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is

presently continuing, however, and additional information and/or documentation pertinent to these interrogatories may well be disclosed as a result of such ongoing and continuing investigation.

Without waiving the foregoing objections the Plaintiff answers as follows.

### INTERROGATORIES

1. Please state each and every relative, including those currently or previously related to you by marriage or adoption, that live within the following counties within the State of Alabama (in other words, within the Middle District of Alabama wherein this action is pending): Autauga, Barbour, Bullock, Butler, Chilton, Coosa, Covington, Crenshaw, Elmore, Lowndes, Montgomery, Pike, Coffee, Dale, Geneva, Henry, Houston, Chambers, Lee, Macon, Randolph, Russell and Tallapoosa. As to each relative, please state the individual's name (including maiden name if applicable), nature of relation, date of birth, address and place of employment.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

Leslie Reynolds (Father); 11531 Atlanta Hwy., Montgomery, AL 36109; October 18, 1937; Occupation: Retired.

Essie Pittman Reynolds (Mother); 11531 Atlanta Hwy., Montgomery, AL 36109; July 20, 1934; Occupation: Retired.

Pamela Reynolds Peoples (Sister); 241 Carriage Hill, Montgomery, AL 36110

Michael Reynolds (Brother); 173 South Hopper, Montgomery, AL 36107; October 3, 1956; Occupation: MBM, 125 6th Street, Montgomery, AL 36104

2.  State your residence address for the past ten (10) years and the dates of your residence at each.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

6108 Eden East Drive, Apt. G, Montgomery, AL 36109 (2002-2002)

3218 Malbar Road, Montgomery, AL 36104 (1996-2000)

388 Govern Drive, Apt. J401, Montgomery, AL 36117 (20004-2006)

3.  List each job you have had during the last ten (10) years, whether part-time or full-time, including the employers' addresses, your dates of employment, your wages or earnings, your immediate supervisor(s), positions held by you, and the reason for the ending of the employment relationship.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive,

unnecessarily expansive. Without waiving and subject to these objections:

Rheem MFG., 2600 Gunter Park Drive E., Montgomery, AL 36117. I began working at Rheem in 1993 as Assembly - Hot Water Heater. I worked in assembly for 5 years and I was a Maintenance Mechanic for 5 years. Supervisor: John Green. Starting rate: $9.00/hr. ending rate: $15.50/hr.

Reinhardt Toyota, 720 Eastern Blvd., Montgomery, AL 361107; (334) 272-714722; Maintenance Supervisor: Mike Reinhardt; Left to start a business in or around 2004.

Operated a lawn care business for about 5 months.

Began working for Daehan 2004.

4. If you have been examined, evaluated, counseled, treated, prescribed medication by or consulted with any healthcare provider, including, but not limited to, any doctor, physician, counselor, psychologist, psychiatrist, surgeon, hospital, clinic or any other healthcare facility with respect to any facts or alleged damages referenced in your Complaint and/or otherwise related to your allegations in this action, state the identity of each, the dates of treatment, any medication or treatment prescribed, and any diagnosis rendered as to any illness or injury.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

I was treated for mental pain on December 23, 2005 and also for alcohol abuse. I attended AA meetings at various locations in Montgomery, Alabama.

5.  If you have ever been treated, counseled or observed by any person or entity, public or private, for any psychological, emotional or mental condition or disorder or for substance abuse, state the names and addresses of each person or entity, dates of care and purpose or reason for care.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

My mother, Essie Reynolds, helped me with my emotional stress. Also, I was also seen by Shane Cunningham, DO, Internal Medicine Jackson Hospital, 1801 Pine Street, Ste. 302, Montgomery, AL 36106-1154 for work related stress.

6.  Have you ever been a party, as either a plaintiff or a defendant, to any other lawsuit? If so, please identify the style of the lawsuit, including the civil action number.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

No, I have not been a party to any other lawsuit.

7.  Please identify each and every person or entity against whom you have filed any

administrative or judicial claim or lawsuit including, but not limited to, any EEOC charge of discrimination, unemployment compensation claim, workers' compensation claim, unfair labor practice claim, wage and hour claim, federal law claim and/or state law claim. As to each person or entity identified in response to this interrogatory, please provide the style of the case, the place of filing such as the judicial county or administrative office, names of all plaintiffs and defendants, and the case number or other identification number of each claim.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

I have not filed any administrative or judicial claim or lawsuit. I filed a worker's compensation claim against Rheem Manufacturing. I did not have a lawyer and the case settled.

8. Please state whether you have ever been fired, asked to resign, suspended, reprimanded, counseled, or disciplined by any employer other than defendant. If so, please identify the employer, the date of the discipline and the circumstances surrounding the discipline.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive,

unnecessarily expansive. Without waiving and subject to these objections:

I have never been fired, asked to resign, suspended, reprimanded, counseled, or disciplined by any employer other than defendant.

9. State whether you have ever been arrested and/or convicted for any offense other than a minor traffic violation, and identify each such offense, including the county, city and state in which you were arrested and/or convicted, and the date of each such offense.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

I was arrested about thirty-years ago for disorderly conduct. I also had a DUI in 2006 or 2007. Also, in 2006 Rick Garret signed a warrant for me. We went to court on March 6, 2006 for harassing communications.

10. Identify each and every school, educational establishment or training course you have attended, stating the name, location, years of attendance and years of graduation, if any.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive,

9

unnecessarily expansive. Without waiving and subject to these objections:

John Patterson Tech College, 2½ yrs, Montgomery, AL; specialized in Basic Electronics

Southwest Tech College, 2 yrs, Mobile, AL; specialized in Instrumentation Technology

11.     List all income, whether monetary or non-monetary and whether taxable or non-taxable, which you have received since your employment at Daehan ended.

**ANSWER:**     For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections: After I was terminated I was out of work for about one year and then I began working for temporary services such as Multi-Staffing, Onin Staffing, Snelling Personnel.

12.     Identify each and every potential witness in this litigation or person with knowledge of facts that either support or refute the allegations of the Complaint, their address and telephone number, and the specific area or areas of knowledge for each.

**ANSWER:**     For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

Lydia Johnson, 164 County Road 13, Hayneville, AL 36040, (334) 563-9511, (334) 354-8356. Ms. Johnson was around during the same time that James Savelle called me a 'nigger'.

13.    Please list the name, address, phone number and job position of every individual whom you claim has knowledge of any alleged discriminatory, retaliatory, harassing, or unlawful act by Daehan or any of its employees.

**ANSWER:**    For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections:

Ricky Smile, 459 Providence Ave., Selma, AL 36701, (334) 875-4913, (334) 375-0497; Shipping Malco Denton, 250 Old Road, Hope Hull, AL 36043, (334) 548-2573; Lead Person Nelson McCord, P.O. Box 613 Hayneville, AL 36040, (334) 301-3880, (334) 563-9511: Machine Operator and my co-plaintiffs.

14.    If anyone has taken a written, recorded, or oral statement or account, or otherwise interviewed or spoken to any person who claims to have knowledge of the matters at issue in the Complaint, identify the person interviewed or from whom the statement was taken, identify the person who conducted the interview or to whom the statement was given, and identify the person who has control or possession of any statement that was taken. In addition, state the substance and subject matter of the interview or statement, the date the interview was conducted or statement was given, and whether any statement taken was written, oral or recorded.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections: I have no information responsive to this interrogatory.

15. Identify all expert witnesses you anticipate calling to testify at trial. For each such expert, please state the following:

    (a) the subject matter on which each expert is expected to testify;

    (b) the substance of the opinions to which each expert is expected to testify;

    (c) all facts upon which each expert's opinions are based;

    (d) all documents upon which his or her testimony will be based; and

    (e) the styles of any other lawsuits in which each expert has testified,

including the civil action number of each lawsuit, the date of the testimony, and the name of the plaintiff.

**ANSWER:** For the answer to this interrogatory, the plaintiff would adopt the General Objections set forth above. The plaintiff would additionally object to this interrogatory on the grounds that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of any relevant evidence and is protected by the attorney client privilege. Plaintiff would additionally object to this interrogatory on the grounds that it is overly broad and unnecessarily burdensome and oppressive, unnecessarily expansive. Without waiving and subject to these objections: At this time I do not

anticipate calling an expert witness in this matter.

**REST OF THE PAGE INTENTIONALLY LEFT BLANK**

I swear or affirm the foregoing responses are truthful and correct to the best of my knowledge.

_____
Barry Reynolds

STATE OF ALABAMA    )

COUNTY OF JEFFERSON  )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Barry Reynolds, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily on the day and year the same bears date.

Given under my hand and official seal, this ___ day of February, 2008.

_____
Notary Public

My Commission Expires: 2/6/2010