IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESHAUN CARTER, SHONITA FORD, ) <br> TARRENCE GORDON, DONALD ) <br> HAWTHORNE, KERRY HAWTHORNE, ) <br> DANA HOOPER, LARRY OSBORNE, ) <br> BARRY REYNOLDS ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> vs. ) <br> ) <br> DAEHAN SOLUTION ALABAMA, LLC ) <br> DEFENDANT. ) | CIVIL ACTION NO.: <br> 2:07-CV-0988-WKW <br><br> Magistrate Judge Wallace Capell |

### DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER (DOC. NO. 28) DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER (DOC. NO. 24) AND TO SEAL (DOC. NO. 25) AND REQUEST FOR ORAL ARGUMENT

**COMES NOW** Defendant Daehan Solutions Alabama LLC and respectfully requests that the Court reconsider its Order (Doc. No. 28) denying Daehan's Motion for Protective Order (Doc. no. 24) and Motion to Seal Documents (Doc. No. 25). Daehan further requests an opportunity to present oral arguments on this matter.

In support of this motion, Defendant Daehan states as follows:

1. Plaintiffs commenced this action on November 2, 2007. (Doc. No. 1).

2. After discovering tapes containing 64 voicemail messages left by Plaintiff Barry Reynolds during December 2005 and January 2006 on the business, cell and home voicemail devices of Daehan's former General Manager of Human Resources, Rick Garrett, Defendant Daehan asked the Court to allow Daehan to delay production of the recordings until after the completion of the deposition of Mr. Reynolds.

1

3. Although the Daehan understands the Court's concern regarding potential trial by ambush, that challenge is greatly diminished by several factors. The first factor concerns timing of the production. Daehan seeks only a temporary delay of production until the completion of Mr. Reynolds' deposition, and will produce the recordings to Plaintiffs long before the trial of this action. A voluntary agreement by Daehan to take Mr. Reynolds deposition first before deposing any of the other Plaintiffs would also address and diminish this concern.

4. Second, the possibility of trial by ambush is simply not at issue in this matter because unlike a case of an involuntarily surveilled witness, who is unaware that his actions or statements are being recorded, Plaintiff Reynolds intentionally and voluntarily left messages on Rick Garrett's voicemail devices and, thus, is well aware of the subject matter of his statements. In other words, Reynolds cannot be ambushed by his own statements when he clearly knows what he said.

5. Third, allowing Mr. Reynolds to review the recordings prior to his deposition will undoubtedly provide him an opportunity to alter his testimony in light of what the audiotapes reveal and would concomitantly deny Daehan's right to preserve the impeachment value of the evidence and to obtain Mr. Reynolds present unrefreshed recollection of his statements during his deposition. As set forth in Daehan's motion for protective order, Courts routinely have allowed parties to delay the initial disclosure or requested discovery of audio and videotapes until after the recorded witness has testified under oath specifically to preserve the impeachment value of the evidence, *i.e.*, to prevent a party or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions. In fact, Daehan cited no less than 10 cases wherein the Court

decided that the interests of justice and, in particular, the preservation of the impeachment value of the evidence, weighed heavily in favor of delaying production until after the deposition of the witness. *See* Motion for Protective Order (Doc. No. 24) at ¶¶8-12.

6.     Finally, Defendant asks the Court to consider potential consequences to the administration of justice from its ruling. Defendant recognizes that this is a matter wholly within the Court's discretion. However, Defendant suggests that this motion presents the Court with the most justifiable fact circumstances it is likely to see for the granting of such a motion as set out above. If the Court will not grant this motion, it is unlikely that it will ever grant such a motion. The possible consequence of that is encouraging parties to "hip pocket" evidence such as this and rely on the fact that it can be used as rebuttal. That will force the Court to weigh the admissibility of highly probative evidence on the question of whether or not it had to be produced. Clearly, it is preferable to encourage the careful and open approach the Defendant has taken.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Daehan Solutions Alabama LLC respectfully request that the Court reconsider its Order (Doc. No. 28) denying Daehan's Motion for Protective Order (Doc. no. 24) and Motion to Seal Documents (Doc. No. 25) and that the Court further set this motion for oral argument at its earliest convenience.

Respectfully submitted this 20th of May, 2008.

/s/ Christopher W. Weller
CONSTANCE S. BARKER (BAR099)
BRUCE J. DOWNEY, III (DOW006)
CHRISTOPHER W. WELLER (WEL020)

Attorneys for Defendant Daehan Solution Alabama LLC

Address of Counsel:

CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL  36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been electronically filed using the CM/ECF system and by U.S. mail to Plaintiffs Shonita Ford and Deshaun Carter on this the 20th day of May, 2008 as follows:

| | |
|---|---|
| LEE D. WINSTON, ESQ.<br>RODERICK COOKS, ESQ.<br>WINSTON & COOKS, LLC<br>The Penick Building<br>319-17th Street North<br>Birmingham, AL 35203 | BYRON R. PERKINS<br>THE COCHRAN FIRM<br>505 North 20th Street, Suite 825<br>Birmingham, Alabama 35203 |
| DESHAUN CARTER<br>3123 Rane Drive<br>Montgomery, AL 36108 | SHONITA FORD<br>P.O. Box 418<br>Fort Deposit, AL 36032 |

/s/ Christopher W. Weller
OF COUNSEL

4