IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESHAUN CARTER, SHONITA FORD, TARRENCE GORDON, DONALD HAWTHORNE, KERRY HAWTHORNE, DANA HOOPER, LARRY OSBORNE, BARRY REYNOLDS<br><br>Plaintiffs,<br><br>vs.<br><br>DAEHAN SOLUTION ALABAMA, L.L.C.<br><br>Defendant. | CIVIL ACTION NO.:<br>2:07-CV-0988-WKW |

**AMENDED ANSWER AND DEFENSES OF
DEFENDANT DAEHAN SOLUTION ALABMA, L.L.C.**

**COMES NOW** Defendant Daehan Solution Alabama, L.L.C. (hereinafter, "Defendant" or "Daehan") and submits the following amendment to its original Answer (Doc. No. 7), hereby deleting its previously stated Affirmative Defenses and substituting therefor the following:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

To the extent that any of the claims of the Complaint fail to state a claim upon which relief may be granted, Defendant asserts said defense.

**SECOND DEFENSE**

To the extent that Plaintiffs have failed to satisfy any of the prerequisites, jurisdictional or otherwise, to bringing some or all of the claims alleged in the Complaint, Defendant asserts said defense.

1

**THIRD DEFENSE**

To the extent that any of Plaintiffs' claims are outside the scope of their EEOC Charges of Discrimination, Defendant asserts said defense.

**FOURTH DEFENSE**

To the extent that any of Plaintiffs failed to timely file their EEOC Charges of Discrimination, Defendant asserts said defense.

**FIFTH DEFENSE**

To the extent that any of Plaintiffs' claims are barred by the statute of limitation period and/or laches, Defendant asserts said defense.

**SIXTH DEFENSE**

To the extent that the claims and relief sought by Plaintiffs are barred by the doctrines of waiver, estoppel, *res judicata* or unclean hands, Defendant asserts said defense.

**SEVENTH DEFENSE**

All decisions and/or actions challenged as discriminatory in Plaintiffs' Complaint were undertaken for legitimate, non-discriminatory, non-retaliatory reasons.

**EIGHTH DEFENSE**

To the extent that the finder of fact determines that any discriminatory or retaliatory animus played any part in Defendant's personnel action regarding Plaintiffs, Defendant avers that such actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons.

**NINTH DEFENSE**

To the extent that Plaintiffs' claims are barred by the doctrine of after-acquired evidence, Defendants assert said defense.

**TENTH DEFENSE**

To the extent that Plaintiffs' claims are barred by the applicable doctrines of waiver, acquiescence, ratification, consent, release and accord and satisfaction, Defendant asserts said defense.

**ELEVENTH DEFENSE**

Defendant is not liable for the activities alleged because it had in place an appropriate policy against harassment and discrimination and an adequate procedure to receive and remedy complaints, and Plaintiffs unreasonably failed to use this policy and procedure.

**TWELFTH DEFENSE**

To the extent that the fact finder determines that conduct constituting harassment occurred, Defendant did not know or have a reason to know of such conduct.

**THIRTEENTH DEFENSE**

To the extent that the fact finder determines that conduct constituting harassment occurred, Defendant asserts that when it became aware of Plaintiffs' allegations, it promptly and properly investigated that matter and took prompt, effective and appropriate action.

**FOURTEENTH DEFENSE**

To the extent that Plaintiffs could establish that conduct constituting harassment occurred, Defendant asserts that it exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and that Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

**FIFTEENTH DEFENSE**

To the extent that any of the Plaintiffs are guilty of contributory negligence, Defendant asserts said defense.

**SIXTEENTH DEFENSE**

To the extent that Plaintiffs' claims are barred because they failed to take steps to avoid any alleged unwanted behavior that a reasonable person would have taken, including, but not limited to, the use of available means to report alleged harassment, discrimination or retaliation to higher management or to take any other steps that a reasonable person would have taken to stop any alleged unwanted behavior, Defendant asserts said defense.

**SEVENTEENTH DEFENSE**

Any harm and/or damages suffered by Plaintiffs were not proximately caused by Defendant's actions.

**EIGHTEENTH DEFENSE**

Any harm and/or damages suffered by Plaintiffs were not proximately caused by a third party's actions that constitute a superseding, intervening cause of any such harm or damages.

### NINETEENTH DEFENSE

Defendant expressly denies all allegations not specifically admitted herein.

### TWENTIETH DEFENSE

Plaintiffs have failed to mitigate their backpay or monetary relief sought.

### TWENTY-FIRST DEFENSE

Plaintiffs fail to state a claim against Defendant that would warrant the award of punitive damages.

### TWENTY-SECOND DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress would violate the constitutional safeguards provided under the Constitution of the United States and of the various states, including the Constitution of the State of Alabama.

/s/ Christopher W. Weller
BRUCE J. DOWNEY, III (DOW006)
CHRISTOPHER W. WELLER (WEL020)

Attorneys for Defendant Daehan Solution Alabama L.L.C.

Address of Counsel:

CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
334/241-8000

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above document has been electronically filed using the CM/ECF system and by U.S. mail to Plaintiffs Shonita Ford and Deshaun Carter on this the 9th day of July, 2008 as follows:

| | |
|---|---|
| LEE D. WINSTON, ESQ.<br>RODERICK COOKS, ESQ.<br>WINSTON & COOKS, LLC<br>The Penick Building<br>319-17th Street North<br>Birmingham, AL 35203 | BYRON R. PERKINS<br>THE COCHRAN FIRM<br>505 North 20th Street, Suite 825<br>Birmingham, Alabama 35203 |
| DESHAUN CARTER<br>3123 Rane Drive<br>Montgomery, AL 36108 | SHONITA FORD<br>P.O. Box 418<br>Fort Deposit, AL 36032 |

                                            /s/ Christopher W. Weller
                                            OF COUNSEL