IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DeSHAUN CARTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv988-WKW |
| | ) |
| DAEHAN SOLUTIONS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 22, 2008, Defendant Daehan Solutions (Daehan) filed a Motion to Dismiss (Doc. #38). This motion has been referred to the undersigned for disposition. Order of July 29, 2008 (Doc. #39). Upon consideration of the Motion and for the reasons that follow, the undersigned recommends Daehan's Motion (Doc. #38) be DENIED.

**I.     PROCEDURAL BACKGROUND**

On November 2, 2007, seven Plaintiffs filed a Complaint against Daehan under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (2000). Compl. (Doc. #1) at 1-3. Daehan then filed an Answer, as amended, to the Complaint. Answer (Doc. #7, #37). In April 2008, counsel for two Plaintiffs, Shonita Ford (Ford) and Deshaun Carter (Carter), moved the Court to withdraw from their representation of Ford and Carter. Motion to Withdraw (Doc. #14). The undersigned granted the motion, causing Ford and Carter to appear *pro se* in this suit. Order of April 11, 2008 (Doc. #19).

On July 22, 2008, Daehan filed the Motion pending before the Court. The Motion

indicates Ford contacted Daehan's counsel to discuss the case, and counsel met with Ford. The Motion further states Ford "advised counsel for [Daehan] that she disagrees with the allegations made in this action and wishes to have it dismissed as to her." Ford further informed Daehan's counsel that Carter "was similarly inclined." Mot. Dismiss (Doc. #38). In light of the Motion's obvious defects, the undersigned decided to dispose of the Motion without first receiving a response from Ford or Carter.

## II.  DISCUSSION

As provided above, Daehan's unilateral Motion seeks to "dismiss " the case against Ford, because she does not agree with the allegations and desires to have the action dismissed. The Motion further represents Carter potentially shares Ford's position. Daehan's Motion causes the Court concern. Not only is the Motion awkwardly phrased, but it is also ethically and procedurally inappropriate.

A review of the docket sheet in this matter indicates Daehan has not filed any countercomplaints against Ford or Carter. Thus, there are no pending allegations against Ford or Carter for the Court to dismiss. The Court reads the Motion then as seeking dismissal of Ford's (and possibly Carter's) allegations against Daehan based solely on Ford's representation she desires to dismiss her Complaint against Daehan and withdraw from the action. The docket sheet also reveals counsel for Daehan have not entered an appearance on behalf of either Ford or Carter. Given Daehan's counsel do not in any way represent Ford or Carter, nor have they included any express statement indicating they

have the authority to make Ford's or Carter's positions known to the Court, counsel's unilateral act of filing the Motion to Dismiss is puzzling.  These issues aside, the Motion must fail as a matter of law.

Daehan's Motion fails to comport with Rule 41 of the Federal Rules of Civil Procedure, which governs voluntary dismissals.  Rule 41(a) states in pertinent part:

> (1) By Plaintiff;
> (A) Without a Court Order.  Subject to Rules 23(e), 23.1(c), 23.2, and 66, and of any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1).  A plaintiff also, upon request, may move a court to dismiss an action by court order.  Fed. R. Civ. P. 41(a)(2).  "The rule[, however,] does not provide for a voluntary dismissal based upon the unilateral motion of a defendant."  George v. Shalala, 1994 U.S. App. LEXIS 3131, at *5 (10th Cir. Feb. 23, 1994); cf. Fed. R. Civ. P. 41(a)(1) with Fed. R. Civ. P. 41(b) (permitting defendants to file a motion for involuntarily dismissal where a plaintiff fails to prosecute or to comply with these rules or a court order); 3D Moore's Federal Practice § 41.33[1] (3rd ed. 2006).  Because Daehan, rather than Ford or Carter, moved the Court to voluntarily dismiss this action, Daehan's Motion must fail.  Daehan alone cannot voluntarily move the Court to dismiss the action against itself.  That right, at this point in the litigation, belongs to Ford and Carter.

**III. CONCLUSION**

For the reasons specified above, the undersigned Magistrate Judge RECOMMENDS that the Motion to Dismiss (Doc. #38) be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 12, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Sec., Inc., 667 F.2d 33 (11th Cir. 1982); see also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of July, 2008.

                        /s/ Wallace Capel, Jr.
                        WALLACE CAPEL, JR.
                        UNITED STATES MAGISTRATE JUDGE